## No. 7189.

### JUSTIN LACOSTE vs. T. H. HANDY ET ALS.

The Code of Practice forbids the dismissal of an appeal for any defect or irregularity in the certificate of the clerk, and therefore when he had omitted to certify that the record contains all the documents filed. it is not ground for the dismissal of the appeal.

If the record is incomplete in not containing certain court records, introduced in evidence by the appellees and movers, and the lower clerk was in fact never furnished with copies of such records by the party who introduced them, but they were offered in evidence merely by giving the clerk the title and number of the suit or record, it is not the appellant's fault nor the clerk's fault that they are not in the record, but it is the fault of the appellee, and he cannot profit by it.

Fraud consists in the artifices by which one party induces an error in the mind of another, bearing on a material part of the contract, with the view of giving an advantage over or causing a loss to that other. It is not an absolute vice of consent, like error or violence, nor does it affect the validity of a contract, if practiced by a third person without the knowledge of the party who benefits by it, but in such case the injured party has his action in damages against the practicer of the fraud.

APPEAL from the Third District Court of New Orleans.   MONROE, J.

State ex rel. Daunoy *vs.* City of New Orleans.

*Breaux, Fenner & Hall,* and *Belden,* and *Duvigneaud* for Plaintiff Appellant. *Hornor & Benedict* and *Baker* for Defendants.

On motion to dismiss.

MANNING, C. J., delivered the opinion, refusing the motion, and saying unless the missing record, offered as evidence, was supplied or some agreement is made touching it, the case would be remanded.

On the merits.

Under the constraint imposed by the court an agreement was made. The object of the suit was the recovery of two mortgage notes, of $3,000 and $5,000 respectively, held by the Workingmen's Bank, which Lacoste alleged he had pledged to the bank as collateral to secure his own note of $4,000 given to the bank for borrowed money. He alleged that afterwards he was fradulently induced to sign a notarial act, and a note, whereby with others he solidarily obligated himself for $13,000, and pledged the above named collaterals for its payment. The case turned on the fact whether fraud had been used, the evidence thereon having been reviewed, the court held with the lower judge against the plaintiff.

SPENCER, J., delivered the opinion affirming the judgment.